1  SEMNAR & HARTMAN, LLP
   Babak Semnar (SBN 224890)
2  bob@sandiegoconsumerattorneys.com
   Jared M. Hartman, Esq. (SBN 254860)
3  jared@sandiegoconsumerattorneys.com
   400 South Melrose Drive, Suite 209
4  Vista, CA 92081
   Ph: (951) 293-4187
5  Fax: (888) 819-8230

6  Attorneys for Plaintiff
   SHABNAM VAFAEE

7
                    **U.S. DISTRICT COURT**
8              **CENTRAL DISTRICT OF CALIFORNIA**

9  SHABNAM VAFAEE, an individual,      | Case No.:
10         Plaintiff,                   | **COMPLAINT FOR VIOLATIONS OF:**
11      vs.                             | 1. **TELEPHONE CONSUMER PROTECTION ACT,**
12  24 HOUR FITNESS                     | 2. **STATE OF CALIFORNIA UNFAIR BUSINESS PRACTICE**
    CORPORATION, and DOES 1-10,         | 3. **STATE OF CALIFORNIA BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**
13         Defendants.                  | 4. **STATE OF CALIFORNIA CONVERSION**

17  TO THE CLERK OF THE COURT, ALL PARTIES, AND THE HONORABLE U.S. DISTRICT COURT JUDGE:

18

19      Plaintiff, an individual, by and through her attorneys of record, BABAK
20  SEMNAR and JARED M. HARTMAN of SEMNAR & HARTMAN, LLP, hereby
21  complains and alleges as follows:

                              1
                    **Complaint for Damages**

**INTRODUCTION**

1. Plaintiff, through her attorneys, brings this action to challenge the actions of Defendant 24 HOUR FITNESS CORPORATION (hereinafter "24 HOUR FITNESS") for unlawful harassment in connection with alleged debt collection activity, and for calling Plaintiff's wireless cellular telephone multiple times—without prior express consent—by utilizing an automatic telephone dialing system (ATDS) and pre-recorded and artificial voice messages, and for continuing to bill her credit card after cancellation and refusing to honor her dispute thereto.

2. The Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA") was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

///

> [b]anning such *automated* or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12 (emphasis added); *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that *automated* or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744 (emphasis added.)

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

6. Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to Plaintiff's personal knowledge.

///

3
**Complaint for Damages**

## JURISDICTION & VENUE

7. This action partially arises out of Defendant's violations of the Telephone Consumer Protection Act (TCPA), over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, (*Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012)); and State of California causes of action, over which the U.S. District Court has supplemental jurisdiction 28 U.S.C. § 1367(a).

5. Because Defendant regularly does business in the County of Riverside, State of California and maintains an agent for service of process at 160 East Imperial Highway, City of Fullerton, State of California, personal jurisdiction is established.

6. Because all tortious conduct occurred while Plaintiff resided in the County of Los Angeles, and witnesses are located within this location, venue properly lies in this court.

## FACTUAL ALLEGATIONS

7. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California, and therefore is and was a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant, is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153(39).

9. Sometime in approximately 2013, Plaintiff contracted with Defendant for a gym membership on a month-to-month basis.

10. In December of 2014, Plaintiff cancelled her membership by telling a

1 representative at the front desk of one of the local affiliate gyms.

2      11.    However, Defendant persisted in billing Plaintiff's credit card it had on file for Plaintiff.

4      12.    Plaintiff was billed $46.36 in the months of January and February 2015.

5      13.    On or about February 26, 2015, Plaintiff disputed the charges to her credit card company—Chase Bank—and provided the reason for her dispute that she cancelled in December 2014.

8      14.    Chase has ultimately terminated the dispute process because Defendant has never responded to the dispute notice.

10      15.    Plaintiff utilizes a wireless cellular telephone—which number ends in 2330—in her every day business and personal lives.

12      16.    When Plaintiff signed up, she had a previous number assigned to her wireless cellular telephone, which is the number that she provided to Defendant at the time of entering into the business transaction.

15      17.    Some-time subsequent to entering the contract, Plaintiff updated her "non-work number" on her customer profile online with her current number 2330.

17      18.    Plaintiff's conduct in updating her profile on-line with her number ending 2330 does not operate as prior express consent for TCPA purposes, as dictated by the FCC, which has regulatory oversight of the TCPA.

20      19.    When Plaintiff disputed the charges to her credit card company on or about 2-26-15, she was informed by Chase Bank that they had applied provisional credits to

5
**Complaint for Damages**

1 her account on 3/12/15 and sent the dispute to Defendant's bank the same day.

2     20.    Plaintiff has since received calls from Defendant as follows:

3/16/2015 at 10:21 am
3/16/2015 at 2:12 pm
3/16/2015 at 6:58 pm
3/19/2015 at 2:22pm
3/19/2015 at 2:22pm
3/20/2015 at 11:35am
3/21/2015 at 8:43am
3/23/2015 at 11:23am
3/23/2015 at 6:19pm
3/24/2015 at 10:44am
3/25/2015 at 11:32am
3/25/2015 at 7:20pm
3/26/2015 at 3:30pm
3/28/2015 at 10:10am
3/30/2015 at 10:45am
3/31/2015 at 12:09pm
3/31/2015 at 7:49pm

    21.    The number from which Plaintiff received the above calls is 855-283-3957, which, when called, answers as "24 Hour Fitness Financial Services Department".

    22.    On 3/19/2015 Plaintiff mailed the following letter to Defendant:

To:
24 Hour Fitness
Member Services
PO Box 2689
Carlsbad, CA, 92018

From:
Shabnam Vafaee
11487 Twin Hills Ave
Porter Ranch, CA, 91326

To Legal:

I have told one of your representatives a few months ago that I wish to cancel my membership because I am no longer working out. My membership till this day has not been cancelled. In addition, I received four phone calls from your company through an auto dialer which is a violation of the TCPA. I have never given consent to your company to call my cell phone with your auto dialer. My number was entered into your system labeled as a "non-work phone". 818-606-2330 is a "non-work phone" which is my cell phone. Each call is a violation of the FDCPA which sums to $6,000. You have 14 days from 3/19/2015 to resolve this matter or I will file a lawsuit. Should you need to contact me, please email me at ShabnamVafaee@hotmail.com

23. On 3/31/2015 Plaintiff sent an email to corporate sales and that's when the calls finally stopped.

24. However, Plaintiff has never received any refund by Defendant of the charges to her credit card in January and February of 2015, despite her request.

25. Defendant's calls to Plaintiff have been placed to her wireless cellular telephone ending in 2330 with an automatic telephone dialing system ("ATDS").

26. Every call placed to Plaintiff's cellular telephone resulted in her hearing a pre-recorded and/or artificial message informing her that the call is being placed by Defendant and asking her to wait for a live agent, which has given Plaintiff information and belief that Defendant's calls to her cellular telephone were placed with an ATDS.

27. An ATDS is equipment that has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and utilizes such equipment to dial such numbers, as defined in 47 U.S.C. § 227(a)(1)(A)-(B). Automatic telephone dialing systems place calls without human intervention until a

1  connection is made with a person on the receiving end of the call, at which time the

2  dialers attempt to connect the recipient with a live agent of the debt collector.

3      28.    The calls to Plaintiff's cellular telephone were not for emergency purposes,

4  as they were intended solely for debt collection activity.

5      29.    Defendant's unlawful harassment in connection with unnecessary debt

6  collection activity has caused mental anguish to Plaintiff, in that she has suffered

7  annoyance, anxiety, stress, loss of sleep, feelings of hopelessness and despair over the

8  fact that she is being distracted in her work obligations by Defendant's incessant calls

9  and refusal to honor her request to stop calling her.

10      30.    Upon information and belief, there are many complaints about analogous

11  legal violations lodged by consumers against Defendant in consumer rights forums that

12  express interest in preserving consumer financial protection.  As such, Defendant's

13  conduct as against Plaintiff is willful.

14
**FIRST CAUSE OF ACTION**
**(TCPA)**
15
**47 U.S.C. § 227(b)**

16      31.    Plaintiff repeats, re-alleges, and incorporates by reference all other

17  paragraphs, as if fully set forth herein.

18      32.    Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) of the TCPA by using an

19  automatic telephone dialing system (ATDS) and pre-recorded voice messages to call

20  Plaintiff's wireless cellular phone ending 2330 at least 17 times without her ever once

21  giving Defendant permission to call her upon that number with robotic messages or

1    with an ATDS regarding debt collection, and the calls were therefore without Plaintiff's

2    prior express consent.

3      33. Since the calls were placed for debt collection attempts, the calls were not

4    for emergency purposes.

5      34. These calls persisted even after Plaintiff instructed Defendant by written

6    correspondence dated March 19, 2015 insisting that they stop calling her.

7      35. Upon information and belief, there are many complaints about analogous

8    legal violations lodged by consumers against Defendant in consumer rights forums that

9    express interest in preserving consumer financial protection.  As such, Defendant's

10   conduct as against Plaintiff is willful.

**SECOND CAUSE OF ACTION**
**(UNLAWFUL, UNFAIR, OR FRAUDULENT BUSINESS PRACTICE OR ACT)**
**CALIF. BUSINESS & PROFESSIONS CODE § 17200**

13     36. Plaintiff repeats, re-alleges, and incorporates by reference all other

14   paragraphs, as if fully set forth herein.

15     37. Statutory unfair competition differs from common law unfair competition

16   in that the statutory cause of action: 1) extends to all unfair and deceptive business

17   practices, 2) does not require the plaintiff to prove damage as a result of the defendant's

18   actions, 3) does not require the plaintiff to prove there was any competition or rivalry

19   with the defendant, and 4) limits relief to injunction and restitution. *State Farm Fire &*

20   *Cas. Co. v. Superior Court,* 45 Cal. App. 4th 1093, 1105, 53 Cal. Rptr. 2d 229, 235

21   (1996); *see Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1264, 10 Cal. Rptr. 2d

538, 544 (1992); *Bronco Wine Co. v. Frank A. Logoluso Farms*, 214 Cal. App. 3d 699, 704, 262 Cal. Rptr. 899 (1989); *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1490 (9th Cir. 1996).

38. "Section 17200 is not confined to anti-competitive business practices but is equally directed toward 'the right of the public to protection from fraud and deceit.'" *Id.* (quoting *Barquis v. Merchants Collection Ass'n* (1972) 7 Cal. 3d 94, 110, 101 Cal. Rptr. 745); *see also Stop Youth Addiction, Inc. v. Lucky Stores, Inc.* (1998) 17 Cal. 4th 553, 561, 71 Cal. Rptr. 2d 731 (a private plaintiff who has himself suffered no injury at all may sue to obtain relief for others).

39. A single business act is actionable, and California Business and Professions Code § 17200 is written in the disjunctive, meaning it applies to any unlawful *or* unfair *or* fraudulent business act or practice, and each provides an independent basis for relief.

### I.   UNLAWFUL BUSINESS PRACTICES.

40. Unlawful conduct may include any business act forbidden by civil, criminal, federal, state, municipal, statutory, regulatory, or court-made law. *Saunders v. Superior Court* (1994) 27 Cal. App. 4th 832, 839.

41. The unlawful actions of Defendant in this matter is that Defendant has persisted in billing Plaintiff's credit card the amount of $46.36 in the months of January and February 2015 after Plaintiff cancelled her membership in December 2014, and has failed to respond to Plaintiff's dispute of the charges to her credit card so that the

charges have remained thereon.

42. Defendants' conduct has thereby caused injury to Plaintiff in that she has suffered emotional distress by way of anxiety, nervousness, sleeplessness, fearfulness, worry, and feelings of despair over the thought of being trapped in a monthly billing cycle for a service that she is no longer using and cannot afford.

43. Defendant's conduct has also caused damage to Plaintiff by way of unauthorized charges to her credit card every month since December of 2014.

## II. UNFAIR BUSINESS PRACTICE.

44. An unfair practice occurs when it offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. *Podolsky v. First Healthcare Corp.* (1996) 50 Cal. App. 4th 632; *Redding v. St. Francis Med. Ctr.* (1989) 208 Cal. App. 3d 98, 107.

45. The unfair, immoral, unethical, and unscrupulous actions of Defendant in this matter is that Defendant persisted in billing Plaintiff's credit card the amount of $46.36 in January and February 2015 after Plaintiff cancelled her membership in December 2014, and has failed to respond to Plaintiff's dispute of the charges to her credit card so that the charges have remained thereon.

46. Defendants' conduct has thereby caused injury to Plaintiff in that she has suffered emotional distress by way of anxiety, nervousness, sleeplessness, fearfulness, worry, and feelings of despair over the thought of being trapped in a monthly billing cycle for a service that she is no longer using and cannot afford.

47. Defendant's conduct has also caused damage to Plaintiff by way of unauthorized charges to her credit card every month since December of 2014.

### THIRD CAUSE OF ACTION
### (IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)

48. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

49. "To establish a breach of an implied covenant of good faith and fair dealing, a Plaintiff must establish the existence of a contractual obligation, along with conduct that frustrates the other party's right to benefit from the contract." *Fortaleza v. PNC Financial Servs. Group, Inc.* (N.D. Cal. 2009) 642 F. Supp. 2d 1012, 1021–22 (*citing Racine & Laramie v. Dep't of Parks and Rec.* (1992) 11 Cal. App. 4th 1026, 1031).

50. Plaintiff Defendant entered into a written contract for Plaintiff to be billed monthly for use of Defendant's gym services. Plaintiff cancelled her membership by telling a representative in person at one of Defendant's affiliates. Defendant failed to honor the cancellation, and continued to bill her credit card on file the amount of $46.36 for the months of January and February 2015, and by thereafter placing numerous harassing telephone calls to her wireless cellular telephone after Plaintiff lodged disputes of the charges to her credit card company, and Defendant thereafter failed to respond to the credit card dispute, which resulted in the charges remaining.

51. Defendants' conduct has thereby caused injury to Plaintiff in that she has

suffered emotional distress by way of anxiety, nervousness, sleeplessness, fearfulness, worry, and feelings of despair over the thought of being trapped in a monthly billing cycle for a service that she is no longer using and cannot afford.

52. Defendant's conduct has also caused damage to Plaintiff by way of unauthorized charges to her credit card every month since December of 2014.

**FOURTH CAUSE OF ACTION**
**(CONVERSION)**

53. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

54. Conversion is a strict liability tort. *Burlesci v. Petersen* (1998) 68 Cal. App. 4th 1062, 1065; *Oakdale Village Group v. Fong* (1996) 43 Cal. App. 4th 539, 543-545.

55. The elements for this cause of action of conversion are: a) plaintiff owned/possessed personal property; and b) defendant intentionally and substantially interfered with plaintiff's property by taking possession of the property, or preventing plaintiff from having access to the property, or destroying the property, or refusing to return the property upon demand; and c) plaintiff did not consent to defendant's action; and d) plaintiff was harmed; and e) defendant's conduct was a substantial factor in causing plaintiff's harm.

56. Plaintiff had ownership of the line of credit issued by her credit card company.

**Complaint for Damages**

1    57.    Defendant issued charges to the line of credit in January and February of

2    2015, even though Plaintiff cancelled her membership in December 2014.

3    58.    Defendant's conduct interfered with Plaintiff's right to ownership over the

4    line of credit, as the credit available to her was reduced by the amount withdrawn by

5    Defendant and forced Plaintiff to pay that amount to her credit card company.

6    59.    Plaintiff did not authorize these charges, and Defendant has failed to return

7    the funds and has failed to respond to Plaintiff's dispute of the charges to her credit card

8    company.

9    60.    Defendants' conduct has thereby caused injury to Plaintiff in that she has

10   suffered emotional distress by way of anxiety, nervousness, sleeplessness, fearfulness,

11   worry, and feelings of despair over the thought of being trapped in a monthly billing

12   cycle for a service that she is no longer using and cannot afford.

13   61.    Defendant's conduct has also caused damage to Plaintiff by way of

14   unauthorized charges to her credit card every month since December of 2014.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant as follows:

**<u>As to the First Cause of Action (TCPA):</u>**

1.    As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

2. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

3. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

**As to the Second Cause of Action (UBP):**

1. Actual damages, as will be proven at trial, pursuant to Calif. Civ. Code § 3333;
2. Pre-judgment interest upon all monies wrongfully taken from Plaintiff;
3. Attorney's fees pursuant to Calif. Code Civil Procedure § 1021.5;
4. Injunctive relief to prohibit Defendants from engaging in future violations.

**As to the Third Cause of Action (GOOD FAITH AND FAIR DEALING):**

1. Actual damages, as will be proven at trial, pursuant to Calif. Civ. Code § 3333;
2. Pre-judgment interest upon all monies wrongfully taken from Plaintiff;
3. Attorney's fees pursuant to Calif. Code Civil Procedure § 1021.5;
4. Injunctive relief to prohibit Defendants from engaging in future violations.

**As to the Fourth Cause of Action (CONVERSION):**

1. Actual damages, as will be proven at trial, pursuant to Calif. Civ. Code § 3333;
2. Pre-judgment interest upon all monies wrongfully taken from Plaintiff;
3. Attorney's fees pursuant to Calif. Code Civil Procedure § 1021.5;

///

///

4. Injunctive relief to prohibit Defendants from engaging in future violations.

DATED: 05/15/2015                                    /s/ Jared M. Hartman, Esq.
                                                     JARED M. HARTMAN, ESQ.
                                                     Attorney for Plaintiff,

## TRIAL BY JURY

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED: 05/15/2015                                    /s/ Jared M. Hartman, Esq.
                                                     JARED M. HARTMAN, ESQ.
                                                     Attorney for Plaintiff,

**Complaint for Damages**